AUBURN BUTTON COMPANY, Appellant, *v.* PHILIP L. SYLVESTER,, Respondent, Impleaded, etc.

*Appeals by corporations, after judgment of sequestration and the appointment of a permanent receiver.*

The entry of a judgment of sequestration against a corporation, obtained as provided by the Code of Civil Procedure (section 1784 *et seq.*), and the appointment of a permanent receiver, do not deprive the corporation of power thereafter to take and prosecute appeals from judgments recovered against it.

MOTION by the respondent, Philip L. Sylvester, made pursuant to an order to show cause, to dismiss the appeal of the plaintiff, the: Auburn Button Company, from a judgment of the Supreme Court against the plaintiff, entered in the office of the clerk of Cayuga county on the 22d day of December, 1892, upon the decision of the court rendered on a trial at the Cayuga Special Term.

*W. E. Hughitt,* for the appellant.

*E. C. Aiken,* for the respondent.

HAIGHT, J.:

The judgment herein against the plaintiff for ninety dollars and seventy-eight cents was entered upon a decision of the Cayuga. Special Term on the 22d day of December, 1892. On the 3d day of January, 1893, an appeal therefrom was taken to this court. On the 21st day of December, 1892, a judgment of sequestration was entered in another action against the plaintiff in this action, and Daniel L. Hurlburt was appointed permanent receiver, with the usual powers and duties and vested with all of the rights and powers of receivers in like cases.

It is now claimed that by the judgment of sequestration the plaintiff ceased to exist as a corporation, and consequently cannot bring this appeal.

It is true that by the judgment of sequestration the property, things in action and effects of the corporation are vested in the receiver, with power to sell and dispose of the same and pay the debts, but we do not understand that it absolutely dissolves the corporation. (*Mann* v. *Pentz,* 3 N. Y. 415, 419.)

The property and effects vest in the receiver, and he only can maintain actions to recover amounts owing to the company. Creditors of the corporation may still prosecute their claims against it to judgment, and the corporation may defend itself against such claims.

In the case of *Kincaid* v. *Dwinelle* (59 N. Y. 548), it was held that a corporation, which has been enjoined from the exercise of its corporate franchises and deprived of its property, and has thus ceased to exist for all practical purposes, is not thereby actually dissolved. It cannot be dissolved save by the judgment of a court of competent jurisdiction. Until such judgment is rendered creditors may proceed by suit against it, unless restrained by injunction. And to the same effect are the cases of *Pringle* v. *Woolworth* (90 N. Y. 502, 510) and *Parry* v. *The American Opera Company* (12 N. Y. Civ. Pro. Rep. 194).

It is claimed that the case of *Hollingshead* v. *Woodward* (107 N. Y. 96) is in conflict. We are, however, satisfied, from a careful reading of the opinion, that it was not the intention of the court to overrule or abandon the doctrine promulgated in the former cases. The case itself is clearly distinguishable. And so is that of *Decker* v. *Gardner* (124 N. Y. 334).

It appears to us that these views are in harmony with the provisions of the Code of Civil Procedure. Section 1784 provides for the cases in which an action to procure a judgment of sequestration may be brought. Section 1785 specifies the cases in which an action to dissolve a corporation may be maintained. Section 1787 provides that in an action brought as prescribed in the article, which is either that of sequestration or for a dissolution, the court may grant an injunction restraining the corporation and its trustees, directors, managers and officers from collecting or receiving any debt or demand, and from paying out, or in any way transferring or delivering to any person any money, or property, or effects of the corporation during the pendency of the action, except by express permission of the court. And " Where the action is brought to procure the dissolution of the corporation, the injunction may also restrain the corporation and its trustees, directors, managers and other officers from exercising any of its corporate rights, privileges or franchises," etc.

It will thus be observed that a distinction is made between the two actions, and that it is only in the action to dissolve a corporation that the officers will be absolutely restrained from exercising their corporate rights and privileges.

It would consequently follow that whilst a corporation after a judgment of sequestration may defend itself, it cannot prosecute, for the reason that its rights of action are vested in the receiver.

In the case under consideration a judgment has been entered against the corporation. By the appeal it is seeking to get rid of the judgment. And this, we think, it still has the power to do. It may be that the receiver only will be entitled to prosecute the action in case a new trial should be granted, but that fact cannot affect the right of the corporation to defend itself against the judgment.

The motion to dismiss the appeal should, therefore, be denied, with ten dollars costs.

LEWIS, J., concurred; DWIGHT, P. J., and MACOMBER, J., not sitting.

Defendant's motion to dismiss appeal denied, with ten dollars costs.