In the Matter of the Accounting of ORSON W. SHELDON, as Assignee of J. MELVIN ADAMS, Appellant.

ALBERT U. SHELDON, Appellant; ARTHUR WALLACE et al., Respondents.

ASSIGNMENT FOR CREDITORS — (L. 1877, CH. 466) — WHEN ASSIGNEE'S SALE MAY BE SET ASIDE UPON SUMMARY APPLICATION. Under the General Assignment Act (L. 1877, ch. 466, as amd.) the conversion, disposition and distribution of an assigned estate is, from its inception, a proceeding in court, and the administration of the estate, though made by the assignee who, in the first instance at least, is selected by the assignor, is really made by the court; a purchaser at an assignee's sale, therefore, makes himself a party to the proceeding and subjects himself to the jurisdiction of the court, which, in a proper case, without action brought, has power upon a summary application in the proceeding to set the sale aside and vacate it.

*Matter of Sheldon*, 72 App. Div. 625, affirmed.

(Argued November 10, 1902; decided January 20, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 31, 1902, which affirmed an order of the Washington County Court removing the assignee herein, settling his accounts and setting aside a sale made by him to Albert U. Sheldon of certain of the assigned property.

The facts, so far as material, are stated in the opinion.

*C. H. Sturges* for Orson W. Sheldon, appellant. There was no power in the County Court to set aside the sales in these proceedings. (*Fisher* v. *Hersey*, 78 N. Y. 387; *Matter of Rider*, 23 Hun, 91.)

*Willoughby L. Sawyer* for Albert U. Sheldon, appellant. The decree of the County Court setting aside and vacating the sales made to appellant is irregular and void. (*Matter of*

*Rider*, 23 Hun, 91; *Matter of Lewis*, 81 N. Y. 421.) Inadequacy of price afforded the County Court no power to set aside the sales. (*Jarger* v. *Kelly*, 52 N. Y. 274.)

*Edgar T. Brackett*, *F. I. Baker* and *Edgar Hull* for respondents. Where a sale has been improperly made by a trustee the court will order a resale. (*Davoue* v. *Fanning*, 2 Johns. Ch. 252.) The County Court may exercise not only specific statutory power, but also the power of a court of equity, providing it is in reference to the trust and any matters involved therein. (*Matter of Holbrook*, 99 N. Y. 539.) Under section 25 of the Assignment Act, the county judge is given equitable powers which are ample to enable him to set aside a sale of the assigned assets. The appellant Albert U. Sheldon, by dealing with the assignee, became a party to the assignment and could be compelled, on motion, to restore what he had wrongfully taken from the estate. (*Matter of Morgan*, 99 N. Y. 145; *Matter of Willse* v. *Traver*, 5 Misc. Rep. 105.)

CULLEN, J. The propriety of the removal of the appellant assignee and that part of the decree of the County Court which settled his accounts, including the sums charged against him as upon a devastavit, and the refusal of the court to allow him certain credit claimed by him, present solely questions of fact. There is evidence to sustain all the findings made by the County Court and we have no power to review those findings unless they have been made without evidence. The appeal of the assignee requires no further discussion.

The serious question involved in the case is the power of the County Court to set aside the sale made by the assignee of a portion of the assigned estate to his son, the appellant, Albert U. Sheldon. If there was power in the court to set aside the sale, the facts disclosed by the evidence warranted the order. The appellant at the time of his purchase was acting as clerk of the assignee. He was conversant with all the facts bearing on the value of the property, information which outside bidders did not have. The money to make the pur-

chase was advanced by the assignee. The relation of the appellant to the trust was such that had an action been brought in a court of equity the case would have warranted a judgment setting aside the sale. But that view does not dispose of this appeal, and the question remains whether the County Court had power on summary application in the assignment proceedings and without action brought to grant such relief.

The power to make an assignment for the benefit of creditors is not the creation of the statute but existed at common law. (*Thrasher* v. *Bentley*, 1 Abb. N. C. 39, Ct. of App.) So undoubtedly the title of the assignee and his power to sell and dispose of the assigned estate spring originally from the voluntary act of the debtor as owner of the property at the time. So true is this that it was held in *Jessup* v. *Hulse* (21 N. Y. 168): " He (the assignor) having consented to part with his title only upon certain conditions, the transfer and the condition must stand or fall together. If, therefore, the court upholds the assignment, it must of necessity protect and enforce the terms and conditions upon which it is made. * * * If he annex an improper condition, the court must pronounce the assignment itself void. It cannot hold the transfer good and disregard the condition ; because that would be to take the property from the assignor against his will." Therefore, if there were no statutory regulations on the subject of general assignments it may be conceded that a sale made by the assignee proceeding solely from the authority conferred upon him by his assignor would be in no sense a judicial sale, but present only the ordinary case of a sale made by a trustee. Such a sale if made in bad faith could be avoided, but only in an action in equity brought for the purpose. General assignments, however, have been for many years in this state the subject of statutory regulations. Chapter 348 of the Laws of 1860 and its amendment vested in the judges certain limited powers over assignments. By this act jurisdiction was conferred over the accounting of an assignee rather than any general control of his administration of the assigned estate. The scope of the present statute, the General

Assignment Act of 1877 (Chap. 466), is very much greater. Section 25 provides : " Any proceeding under this act shall be deemed for all purposes, including review by appeal or otherwise, to be a proceeding had in the court as a court of general jurisdiction, and the court shall have full jurisdiction to do all and every act relating to the assigned estate, the assignees, assignors and creditors, and jurisdiction shall be presumed in support of the orders and decrees therein unless the contrary be shown ; and after the filing or recording of an assignment under this act, the court may exercise the powers of a court of equity in reference to the trust and any matters involved therein." Since the enactment of this law, though a general assignment still proceeds from the voluntary act of the assignor, the administration of the trust and the powers.of the assignee become subject to the supervision and control of the courts. Such being the only kind of assignment that the law permits, the assignor, by making an assignment, elects to subject the trust and its administration to such control as the law imposed. In 1884 (Chap. 328) the General Assignment Act was amended so as to provide that in all assignments made in pursuance of the act the wages or salaries due the employees of the assignor should be preferred before any other debts. · In *Richardson* v. *Thurber* (104 N. Y. 606) a general assignment was made which did not contain that preference. It was contended the assignment was void as in contravention of the provision of law cited. This court, however, upheld the assignment, writing into it the statutory provision for a preference of employees. Judge FINCH there said : " It is argued that an assignment is a private contract creating a private trust fund and the assignee derives all his property from· the instrument ; that where the assignor does not prefer employees, if the statute does it, and compels the assignee to pay, the legislature stands in the attitude of appropriating the assignor's property against his will and in violation of his express intentions. But the difficulty is imaginary. No one doubts the power of the legislature to regulate and control general assignments for the benefit of creditors. It may per-

mit them to be made as it has already done, only upon expressed conditions, and when it does so he who makes an assignment by the act accepts and consents to the conditions." In *Matter of Morgan* (99 N. Y. 145) the assignee had erroneously paid certain creditors. On his final accounting a decree was made that such creditors repay the amounts received by them. It was objected that the court had no power in that proceeding to order the repayment and that the remedy, if any, was by action. The objection was overruled and it was held that the creditors by accepting payment of their claims and dealing with the assignee became parties to the assignment and subjected themselves to the summary jurisdiction of the court. In *Matter of Underhill* (117 N. Y. 471) there came before this court a decree of the surrogate which directed certain legatees to restore overpayments made to them by the executor. It was held that the Surrogate's Court did not possess that power. The case of *Morgan* (*supra*) was relied upon as an authority for the jurisdiction, but this court pointed out that the powers conferred by the General Assignment Act upon the County Court are greater and more general than that conferred upon the Surrogate's Court in reference to the administration of estates. I think that in the light of these decisions it must be considered that under the present law the conversion, disposition and distribution of an assigned estate constitute from the recording of the assignment a proceeding in court and that the administration of the estate, though made by the assignee who, in the first instance at least, is selected by the assignor, is really made by the court under the power granted it by statute to control such administration. If this be the correct view, then by buying at an assignee's sale the same as by purchasing at a receiver's sale, the purchaser makes himself a party to the proceeding and subjects himself to the jurisdiction of the court.

The orders appealed from should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur.

Orders affirmed.