(86 App. Div. 145.)

### CURTIS v. ALBEE.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1903.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—SALE OF CLAIMS BY ASSIGNEE—
   RIGHTS OF PARTIES.

   A claim of an insolvent against a debtor was sold by his assignee, who stated the claim as of a certain amount, stating that he did not guaranty the same, not knowing that the debtor had paid part thereof to an attorney employed to collect it. The attorney afterwards paid the amount he had collected to the purchaser of the claim. *Held* that, even if the instrument by which the claim was transferred should be reformed by reducing the amount of the claim stated therein to what it actually was at the time of the sale, that would not avail the assignee in an attempt to recover from the purchaser the amount paid to him by the attorney, his remedy, if any, being against the attorney.

2. APPEAL—OPINION—ASSUMPTION.

   In a retrial of a case reversed by the Court of Appeals it must be assumed that a proposition presented to that court, but not discussed in the opinion handed down, was decided adversely to respondent.

   McLennan, J., dissenting.

Appeal from Special Term, Monroe County.

Action by Wendell J. Curtis, assignee of Sidney B. Roby, against Henry C. Albee. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

George H. Harris, for appellant.
Nathaniel Foote, for respondent.

SPRING, J.  In December, 1896, one Sidney B. Roby, of the city of Rochester, made a general assignment for the benefit of his creditors to the plaintiff.  At that time Hoffman & Co., a copartnership in Indiana, was indebted to Roby in the sum of $2,200, and that firm had also made an assignment in trust for its creditors.  The plaintiff employed a lawyer in Indiana, named Welker, to collect the claim mentioned, and between June 23, 1897, and May 4, 1898, this attorney collected $1,083.76, only $238.50 of which he paid to the plaintiff.  On the 25th day of June, 1898, the plaintiff, as assignee of Roby, pursuant to an order of the County Court, sold at public auction the uncollecte' accounts held by him as such assignee.  The account in suit, wh'..h was listed at $2,036.54, was among those sold, and all of them were bid off by the defendant for $6.50, and an assignment thereof duly made to him.  At that time neither the plaintiff nor the defendant knew that Welker had collected any more of the assignee of Hoffman & Co. than the $238.50 already paid over.  About a month later Welker paid to the defendant $610.50 on account of the moneys collected by him as aforesaid.  This action was brought to recover of the defendant on the theory that the title to the moneys paid by Welker did not pass to the defendant by the assignment, and the plaintiff asked for a reformation and correction of the assignment so as to describe the amount of the claim as $1,083.76 less than the listed sum of $2,036.44 on the ground that an "excusable mistake" had been made.  A decision was rendered in favor of the plaintiff, but a new trial was granted by the Court of Appeals.  167 N. Y. 360, 60 N. E. 660.  In its opinion the court held that the parties were merely ignorant of the true situation at the time of the sale, and that there was no mutual mistake of fact authorizing the intervention of a court of equity to correct or modify the assignment; that there was no assignment of the claim against Welker, and that the plaintiff still held its demand against him; and, further, that the defendant did not hold the moneys received from Welker in trust for the plaintiff.

The present record comes to us on the decision of the trial judge containing findings of fact, and without the evidence.  The one finding upon which the present decision for the plaintiff reforming the assignment is founded is that the plaintiff did not guaranty the amount of the account sold and assigned to the defendant, and so stated at the time of the auction sale.  We think this change is not material.  No one has contended there was any guaranty of the amount of the claim.  The defendant purchased whatever demand existed in favor of Roby or his assignee against Hoffman & Co., whether great or small.  The decision of the Court of Appeals was that the money paid to Welker, the agent of the plaintiff authorized to receive it, was a valid payment, and to that extent the claim against Hoffman & Co. was diminished.  There was no assignment of the money held by Welker, and whether the original claim was guarantied at a certain sum or not is unimportant.  Whether the claim was $2,000 or

$1,000 existing against Hoffman & Co., the defendant purchased it, and no more, and he purchased no demand against Welker.

Conceding that the assignment did not express the agreement of the parties, and that, therefore, the judgment reforming the assignment to conform to the agreement of the parties is technically correct, it does not avail the plaintiff, as we interpret the decision of the Court of Appeals. The court say:

"The plaintiff was not entitled to recover from the defendant the amount collected by the latter from the attorney in Indiana. The money in Welker's hands did not belong to the defendant, for it did not pass by the assignment of the claim sold at auction. The plaintiff then had two claims, one against Welker and the other against Hoffman & Co. He did not sell the former to the defendant, nor authorize him to collect it. The payment by Welker did not bind the plaintiff, who is still entitled to recover from him the same as if he made no payment to the defendant. The defendant was not the trustee or agent of the plaintiff, and had no money of the plaintiff in his hands. The payment to the defendant was not to the plaintiff's use. The defendant did not make the collection in the name or on behalf of the plaintiff, but in his own name, and on his own behalf. The identical money received by Welker from the assignee of Hoffman & Co. was not paid to the defendant, but an equivalent amount. The plaintiff could not adopt or ratify the payment and pursue the defendant, because he neither represented nor assumed to represent the plaintiff, and the payment was not in specie, so that the res could be followed. Welker is still indebted to the plaintiff, and the defendant is apparently indebted to Welker, but he owes the plaintiff nothing, and the recovery against him cannot be sustained."

The case, in that aspect of it, still remains unchanged. If no cause of action then existed against the defendant for the money he received from Welker, none exists now. If the demand was then valid against Welker, it is equally so now.

The respondent seeks to uphold the decision on the ground that the defendant, when he purchased the claim, became a party to the proceeding, and was within the jurisdiction of the court, so that the payment of the money to the assignee may be ordered by the court; relying upon Matter of Sheldon, 173 N. Y. 287, 65 N. E. 1096. While this question was not discussed by the court in its opinion, it was before the court in its full measure. We cannot assume the court overlooked it, but, on the contrary, must take for granted that it was deemed unimportant. Whatever proposition in the case was fairly before the Court of Appeals we must assume was considered and passed upon adversely to the plaintiff. The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment reversed, and new trial, upon questions of law only, granted, with costs to the appellant to abide the event. All concur, except McLENNAN, J., who dissents.