LOCKPORT CO-OPERATIVE DAIRY ASSOCIATION, INC., Plaintiff, *v.* WILLIAM BUCHNER, Defendant.*

Supreme Court, Niagara County, September 19, 1925.

Corporations — membership corporations — dairy membership association — action to recover per capita assessment levied upon members thereof — provision in certificate of incorporation, limiting liability of membership for indebtedness to sum not to exceed $1, does not relieve defendant from liability as fixed by Membership Corporations Law, § 207 — association entitled to recover assessment of $500 levied against defendant.

Section 207 of the Membership Corporations Law makes members of a membership association formed under said statute liable for all contracts, debts and engagements of such a corporation which it is authorized to contract by the certificate of incorporation.

Accordingly, a provision in the certificate of incorporation of plaintiff, a co-operative dairy membership association, formed pursuant to article 13-A of the Membership Corporations Law, which limits the liability of members and directors thereof for the indebtedness of the association to a sum not to exceed $1, does not relieve a member thereof from liability for an assessment of $500 levied upon members of the association to pay its debts, for such a construction of the certificate of incorporation would wipe out liability of the members as fixed by section 207 of the Membership Corporations Law.

ACTION by a co-operative dairy membership association against a member thereof to recover a *per capita* assessment levied upon members.

*Storrs & Storrs,* for the plaintiff.

*McIntyre & Swartz,* for the defendant.

LYTLE, J. This action was brought by plaintiff, a co-operative dairy membership association, formed under article 13-A of the Membership Corporations Law of 1909 (as added by Laws of 1918, chap. 655), against a member thereof, the defendant herein, to recover $500, the amount of a *per capita* assessment levied upon members of the association by resolution of the board of directors, passed December 5, 1923. The defendant disputes the power of the board of directors to levy the assessment.

The association was organized in March, 1919, to engage in general dairy business in Niagara county. Its principal object was to provide the farmers a permanent and ready market for milk. The defendant became a member of the association on or about November 22, 1920.

The certificate of incorporation provides:

* Affd., 217 App. Div. 784; 244 N. Y. 585.

" 9. The amount of indebtedness which may be incurred by or on behalf of the association, shall at no time exceed the sum of Forty thousand & no /100 . . . . . . . . . Dollars ($40,000.00).

" 10. The amount of indebtedness for which the individual members or directors shall be individually liable, shall not exceed the sum of One and no /100 Dollars."

Paragraph 9 of the certificate of incorporation has been amended so as to increase the amount from $40,000 to $100,000 and on May 2, 1921, to $150,000. At a meeting held on April 18, 1919, the association adopted by-laws which are still in force and effect, and provisions relating to membership fee and finances are as follows:

### " Article IX

#### " *Membership Fee and Finances*

" Section 1. No Membership fee shall be required.

" Section 2. Original funds to finance this Association shall be raised from the membership in whatever amount they can individually pay in cash. The minimum sum shall be $500.00. In return for these original payments the Association shall issue five year certificates of indebtedness drawing six per cent. interest.

" Section 3. At each monthly settlement a sum equal to one-sixtieth of the outstanding certificates of indebtedness shall be deducted from the milk pay roll; in return for this deduction the Association shall give each producer a receipt, and at the end of each six months the Association shall call in such receipts and issue certificates to each producer in the amount of the total of his receipts.

" Section 4. The fund created in this manner shall be used to retire notes in the order of their issuance.

" The Board of Directors shall be empowered to retire notes of retiring members, even though their notes are not due.

### " Article X

#### " *Emergency Capital*

" If emergency capital is necessary, the Directors by a majority vote, may call for additional funds from the members and issue therefor additional certificates of indebtedness."

### " Article XII

" Section 1. The amount of indebtedness which may be incurred by or on behalf of this Association shall not at any time exceed the sum of One Hundred Fifty Thousand Dollars ($150,000.00).

" Section 2. Each member shall be responsible, as his original liability, for his *per capita* share of all contracts, debts and engage-

ments of the Association existing at the time he becomes a member and created during his membership; but if any member's share of such contracts, debts and engagements shall prove to be uncollectible, each remaining member shall be responsible, as his additional liability, for such unpaid share or part thereof to an amount equal to such remaining members' original liability or to such further amount as may be prescribed in the certificate of incorporation. No member shall be liable to the Association for any contract, debt or engagement arising out of any specific transaction between the Association and any member or members thereof, in which he does not participate unless and until the Association shall have exhausted every legal recourse and failed to enforce satisfaction from the member or members participating therein. In all cases any member who, voluntarily or otherwise, contributes to the payment of the debt or obligation of another member or other members shall have an action, several or joint as he may elect, against such defaulting member or members, for reimbursement. The amount of indebtedness for which the individual members or directors of the Association shall be individually liable shall not exceed the sum of $1.00. The members of the Association shall jointly and severally be personally liable for all debts due and owing to any of its laborers, servants, or employees other than contractors, for services performed by them for the Association. Before such laborers, servants or employees shall charge such stockholders for such services, they shall give notice in writing within thirty days after the termination of such services that they intend to hold them liable therefor within thirty days after the return of an execution unsatisfied against the Association upon a judgment recovered against them for services."

Section 2 of the last article seems to be taken bodily from section 207 of the Membership Corporations Law of 1909 (as added by Laws of 1918, chap. 655).*

The association became involved in litigations because of its inability to meet maturing obligations, and at a meeting of the members of the association, held on November 23, 1923, a committee was appointed to investigate the financial affairs of the association and to make recommendations. The committee reported back to the association recommending that a substantial working capital be provided. The board of directors of the association, upon receipt of said recommendation, passed a resolution levying an assessment upon members, and provided that certificates of indebtedness be issued to members for payments made under said

---

* Now section 69 of Co-operative Corporations Law (Consol. Laws, chap. 77), Laws of 1926, chap. 231.— [REP.

assessment when paid in full. A copy of the resolution levying the assessment was served on defendant by mail, and a demand was made for payment.

The contention of defendant is that the board of directors had no power to levy the assessment and that the same cannot be enforced in view of the following provisions contained in paragraph 10 of the certificate of incorporation and section 2 of article 12 of the by-laws, which read as follows:

" Sec. 10. The amount of indebtedness for which the individual members or directors shall be individually liable, shall not exceed the sum of One and no /100 Dollars."

" The amount of indebtedness for which the individual members or directors of the Association shall be individually liable shall not exceed the sum of $1.00."

The defendant further pleads a counterclaim for milk sold and delivered to the plaintiff to the value of twenty-seven dollars and ninety-seven cents and for interest due the defendant from the plaintiff upon a certain certificate of indebtedness.

Under sections 203 and 209-e of the Membership Corporations Law, the power to levy assessments has been given to membership corporations, and in this particular instance, by-law provision, article 10, passed pursuant to section 203, vests in the board of directors the power to raise capital by levying assessments upon members and issuing certificates of indebtedness upon payment of such assessment.

Section 207 of the Membership Corporations Law of 1909 fixes the liability of members of such corporations for all " contracts, debts and engagements of the association." Section 2 of article 12 of the by-laws fixes the liability of the members for contracts, debts and engagements of the association in the same language, to wit: " Each member shall be responsible as his original liability for his *per capita* share of all contracts, debts and engagements of the Association existing at the time he becomes a member and created during his membership."

" If any member's share * * * shall prove to be uncollectible each remaining member shall be responsible * * * for such unpaid share * * * to an amount equal to such remaining member's original liability. * * * "

Section 207 of the Membership Corporations Law of 1909 further provides: " Any association may, in its certificate of incorporation, limit the amount of indebtedness or obligation which may be incurred by or on behalf of the association, and no member shall be liable for any debt or obligation in excess of the terms of such limitations. Notwithstanding any other provision of this chapter

any such association may, in its certificate of incorporation, limit the amount of indebtedness or obligation for which the individual members or directors shall individually, jointly or severally be liable."

The association has inserted in its certificate of incorporation a limitation upon the amount of indebtedness which may be incurred by the association (¶ 9). The association has also attempted to limit the liability of members and directors. If said charter provision (¶ 10) be construed as the defendant intends, it would wipe out the liability of members and directors, contrary to the general law fixing the liability upon the members, as contained in section 207 of the Membership Corporations Law. In effect, it would nullify the legislation fixing liabilities of members for contracts and debts of the association.

It follows, therefore, that the limitation in the certificate of incorporation of one dollar cannot relieve the plaintiff from liability as fixed by section 207 of Membership Corporations Law of 1909 as aforesaid.

Judgment is hereby given for the plaintiff for the sum of $500, with costs.

Judgment in favor of the defendant upon its counterclaim is hereby given for the sum of eighty-two dollars and ninety-seven cents, without costs.