Granger & Company and Another, Appellants, *v.* Harry L. Allen, as Trustee in Bankruptcy of the American Railway Brotherhood Association, Inc., and Others, Respondents.

Fourth Department, November 11, 1925.

Corporations — stockholders' liability — action by creditor against stockholders to recover under Stock Corporation Law of 1909, § 56 (now Stock Corporation Law of 1923, § 70) — action not brought within two years after bankruptcy is barred by Stock Corporation Law of 1909, § 59 (now Stock Corporation Law of 1923, § 73) — stockholders ceased to be such, under statute, when corporation ceased to function through bankruptcy — stockholder becomes such on signing valid subscription agreement within Stock Corporation Law of 1909, § 56 (now Stock Corporation Law of 1923, § 70).

An action cannot be maintained by a judgment creditor of a corporation against stockholders under section 56 of the Stock Corporation Law of 1909 (now section 70 of the Stock Corporation Law of 1923), to enforce their liability to the extent of an amount unpaid on their subscriptions, where the action is not brought within two years after the corporation has ceased to function because of bankruptcy, for the limitation imposed by section 59 of the Stock Corporation Law of 1909 (now section 73 of the Stock Corporation Law of 1923) bars an action by a judgment creditor unless it is commenced within two years after the stockholders ceased to be such, and a stockholder ceases to be such at the time when the corporation ceases to function through the intervention of bankruptcy.

A stockholder becomes such on signing a valid subscription agreement, and he is thereafter subject to liabilities imposed by section 56 of the Stock Corporation Law of 1909 (now section 70 of the Stock Corporation Law of 1923) until his stock is fully paid, and, therefore, the defendants became liable, as stockholders, upon the signing of the subscription agreement and the payment of ten per cent of the par value of the stock as required by the statute in existence at the time the agreement was signed.

Appeal by the plaintiffs, Granger & Company and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Steuben on the 30th day of March, 1925, upon the report of an official referee appointed to hear and determine the whole issues.

*Harry K. Brown* [*John Griffin* of counsel], for the appellants.

*James O. Sebring,* for certain respondents.

*George A. King,* for certain respondents.

*Egbert Shoemaker,* for certain respondents.

*Wanamaker, Martin & Harrington,* for certain respondents.

Hubbs, P. J.:

The American Railway Brotherhood Association, Inc., was duly incorporated in this State in March, 1916.  Its authorized capital

stock was $100,000, to consist of 20,000 shares of a par value of $5 each. Its business was the operation of a general department store. After the certificate of incorporation was filed it received subscriptions for its stock from the defendants, most of whom subscribed for 20 shares each and paid to the corporation at the time of subscription $10, or ten per cent of the par value of the stock subscribed for. The subscription agreement provided that the balance should be paid in monthly installments and that the stock certificate should be dated and delivered when the payments were completed. The corporation became financially involved and the defendant Harry L. Allen was duly appointed trustee in voluntary bankruptcy proceedings. There are no assets of the corporation which can be applied upon the plaintiffs' debts. The plaintiffs are judgment creditors of the corporation. Executions were duly issued upon their judgments and returned wholly unsatisfied. The action is to recover the amount of the defendants' unpaid subscriptions. The action is based upon section 56 of the Stock Corporation Law of 1909 as it read at the time of the commencement of the action in 1920. The section read: " Liabilities of stockholders. Every holder of capital stock not fully paid, in any stock corporation, shall be personally liable to its creditors, to an amount equal to the amount unpaid on the stock held by him, for debts of the corporation contracted while such stock was held by him." The debts of the corporation to the plaintiffs were contracted after the defendants had paid ten per cent of the par value of the stock for which they severally subscribed.

The defense to the action is based upon two principal grounds: *First,* that the defendants are not " holders of capital stock " within the meaning of said section 56, and, *second,* that if they ever were holders of capital stock they ceased to be holders more than two years before this action was brought, and, therefore, the short Statute of Limitations provided for in section 59 of the Stock Corporation Law of 1909, as it read in 1920, applied and the action is barred. Thus far the defendants have succeeded upon the grounds stated.

This action was commenced about two years and nine months after the corporation was adjudged a bankrupt. If, at the time the adjudication in bankruptcy was made, the defendants ceased to be stockholders, this action cannot be maintained, as section 59 provides that the action must be brought within two years after the stockholder ceased to be such.

At the date of the adjudication in bankruptcy the corporation was hopelessly insolvent. Judgments had been obtained against it. Its office furniture had been levied upon, and executions against

it had been returned unsatisfied. Its board of directors passed a resolution in which they declared the inability of the corporation to pay its debts and its willingness to be adjudged a bankrupt. It ceased to carry on the business in which it was engaged, and it had lost the power to continue or resume its business. Its assets were very small and the amount claimed in the complaint to be due from the defendants upon their unpaid subscriptions would not be sufficient to pay the creditors in full. For practical purposes the corporation had ceased to exist, and the stockholders ceased to be such within the meaning of section 59.

It is urged by the appellants that the corporation could not by its own act terminate its existence. Reliance is placed upon many cases where it is stated in substance that a corporation cannot cease to exist by its own act and that it can only come to an end by the expiration of its charter period or by the decree of a court dissolving it. (*People* v. *Ballard*, 134 N. Y. 269.) It is necessary to obtain a judgment against a corporation and have an execution returned unsatisfied before a creditor can maintain an action against a stockholder, even though the corporation is insolvent, has ceased to do business and a receiver has been appointed for it. (*United Glass Co.* v. *Vary*, 152 N. Y. 121; *Kincaid* v. *Dwinelle*, 59 id. 548.) A corporation may appeal from a judgment against it, obtained after the entry of a judgment of sequestration against it and the appointment of a receiver. (*Auburn Button Co.* v. *Sylvester*, 68 Hun, 401; *Parry* v. *American Opera Co.*, 9 N. Y. St. Repr. 536.) Where a corporation is required by the act under which it is incorporated to perform some specific act within a given time or forfeit the rights acquired by it under the act, the failure to perform does not dissolve the corporation. (*Day* v. *O. & L. C. R. R. Co.*, 107 N. Y. 129.) Doubtless there are other instances where a corporation, although it has ceased to exist for most practical purposes, still has a corporate existence for some purposes.

It is settled by a long line of decisions, however, commencing with *Slee* v. *Bloom* (19 Johns. 456), that an action against stockholders to recover upon unpaid subscriptions is barred, where over two years have expired since the corporation became hopelessly insolvent and had not transacted and could not transact business, and a receiver, or trustee in bankruptcy, had been appointed. (*Slee* v. *Bloom, supra; Briggs* v. *Penniman*, 8 Cow. 387; *Bank of Poughkeepsie* v. *Ibbotson*, 24 Wend. 473; *Bradt* v. *Benedict*, 17 N. Y. 93; *Bruce* v. *Platt*, 80 id. 379; *Hollingshead* v. *Woodward*, 107 id. 96; 14 C. J. 1105.) We have reached the conclusion that the learned official referee was right in holding that the defendants

24

ceased to be stockholders at the time of the adjudication in bankruptcy, and that the action was barred by the short Statute of Limitations contained in section 59.

We would be content to affirm upon that ground without opinion, were it not for the opinion delivered by the learned official referee to the effect that the defendants did not become stockholders upon entering into the subscription agreement. (*Granger & Co.* v. *Allen,* 124 Misc. 599.) We do not want to be understood as approving the opinion upon that proposition. It has been held that section 56 of the Stock Corporation Law creates a contractual relation between stockholders whose stock is not fully paid and creditors of the corporation. (*Close* v. *Potter,* 155 N. Y. 145; *Lang* v. *Lutz,* 180 id. 254.) When a person enters into a subscription agreement with a corporation and pays ten per cent of the par value of the stock for which he subscribes, the statute makes him liable to creditors as provided in section 56, and the statute becomes a part of his contract just as fully as though set out at length in it. It makes no difference how his liability is described. His obligation is fixed by section 56. (*Assets Realization Co.* v. *Howard,* 211 N. Y. 430.) His agreement is, in effect, to pay to the corporation the balance unpaid upon his subscription, and in default thereof to pay it to the creditors of the corporation as provided in the statute. He cannot make a legal contract with the corporation which will relieve him from such liability. Such an agreement, if it had the effect of releasing him from liability to creditors, would nullify the statute enacted for their benefit. The corporation has no interest in the relation existing between the subscriber for stock whose subscription is not fully paid and judgment creditors who seek to enforce a cause of action given by section 56 of the Stock Corporation Law. Said section conferred rights upon corporation creditors and placed obligations upon stockholders whose stock was not fully paid, but it did not give the corporation any rights or place upon it any obligations. (*Hirshfeld* v. *Fitzgerald,* 157 N. Y. 166.) A trustee in bankruptcy could not maintain an action to enforce the right vested in creditors under section 56, as those rights are personal to the creditors. (*Assets Realization Co.* v. *Howard, supra.*)

The fact that a subscriber has not received a stock certificate and is not entitled to receive one until his subscription is fully paid does not affect the right of creditors to hold him liable for the unpaid balance due on the stock subscription. One becomes a holder of stock within the meaning of section 56 upon the execution of the subscription agreement and the payment of ten per cent of the par value of the stock subscribed for. (*Spear* v.

*Crawford,* 14 Wend. 20; *Burr* v. *Wilcox,* 22 N. Y. 551; *Kohlmetz* v. *Calkins,* 16 App. Div. 518; *Mills* v. *Friedman,* 111 Misc. 253; affd., *sub nom. Mills* v. *McNamee,* 194 App. Div. 932; affd., 233 N. Y. 517; *Flour City National Bank* v. *Shire,* 88 App. Div. 401; affd., 179 N. Y. 587; *Burrall* v. *Bushwick Railroad Co.,* 75 id. 211; *U. S. Radiator Co.* v. *State of New York,* 208 id. 144; *Beals* v. *Buffalo Expanded Metal Construction Co.,* 49 App. Div. 589; *Babcock* v. *S. & L. V. R. R. Co.,* 133 N. Y. 420; *Perkins* v. *Hatch,* 4 Hun, 137; affd., 64 N. Y. 634; *Lathrop* v. *Kneeland,* 46 Barb. 432–436; *Reagan* v. *Midland Packing Co.,* 298 Fed. 500.) While many of the cases cited did not decide the exact point, still 'they are of interest as illustrating the generally accepted opinion of the courts upon the subject.

We think this is not a case which justifies an extra allowance, and the judgment should be modified by striking out the provision for such an allowance, and, as modified, affirmed, without costs. Certain findings are disapproved and reversed, and new findings made in accordance with this opinion.

CLARK, DAVIS, SEARS and TAYLOR, JJ., concur.

Judgment modified in accordance with the opinion and as so modified affirmed, without costs of this appeal to either party. Certain findings reversed and new findings made.