**In re SOUTH SHORE CO-OPERATIVE ASS'N, Inc.**

District Court, W. D. New York.
May 20, 1938.

Glenn W. Woodin, of Dunkirk, N. Y., for petitioners.

Palmer, Rowe & Palmer, of Dunkirk, N. Y., for trustee.

J. Carlisle Swaim, of New York City, as amicus curiae for Virginia-Carolina Chemical Corporation, a creditor.

KNIGHT, District Judge.

This is a petition to review an order made by the Referee in Bankruptcy denying the application of F. G. Spoden and others for an order requiring the trustee in bankruptcy to return to them upwards of $10,000, claimed to have been paid by them to the trustee under a mistake of law.

The South Shore Co-operative Association, Inc. was organized in 1920 in pursuance of the provisions of the Membership Corporations Law (Consol.Laws N.Y.C. 35, Chap. 655, Laws of 1918). Such law provided for the creation of co-operative associations:

"For mutual help, not having capital stock or conducted for profit, for the purpose of acting as the agent for its members

744

or any of them * * *." (Sec. 199, Chapter 655, Laws of 1918).

The statute gave to such corporations authority to pass by-laws by which assessments could be made when the need arose, and also to limit the liability of the members. (Sec. 207). Both in the certificate of incorporation of the corporation and in its by-laws (Art. 14, Sec. 2), the liability of each member of this corporation is limited to the sum of $100. The certificate of incorporation contained this clause:

"The amount of indebtedness for which the individual members or directors of the association shall individually be liable shall not exceed $100.00."

The certificate of membership delivered to each member carried a notice stating this liability. The by-law reads in part:

"The amount of indebtedness for which the individual members of the association shall be liable shall not exceed $100.00 * * *."

On April 29, 1936, the trustee filed a petition in the Bankruptcy Court reciting that all the real and personal property of the corporation had been converted into cash; that the avails were insufficient to pay the claims filed and allowed, and the expenses of administration, and asked authority to levy an assessment upon each member by virtue of the aforesaid statute and by-laws. Pursuant to notice to the members, a meeting, attended by many members, was held before the Referee and, without objection, on May 22, 1936, an order was granted by the Referee directing the levy of an assessment and authorizing the trustee to institute court action in default of any payments. A copy of the order so made by the Referee was mailed to each individual member. No application to review the Referee's order was ever made.

Under these proceedings, members paid assessments totaling $11,209.90. Judgments, aggregating $7862, were taken against certain members. The original membership of the corporation was 697. At the time these proceedings to assess were instituted, it appears that there were only 422 members. Of this number 234 paid a part or all of the assessment without objection; 10 members confessed judgment, and 59 allowed judgment to be entered against them by default. This accounts for approximately 314 of the members of the association. The remaining number, it appears, were of little financial responsibility.

Thereafter these petitioners made application to the Referee for an order directing the trustee to pay back to each of the petitioners the amounts stated in the petition, which amounts were paid to the trustee pursuant to the proceedings aforesaid. The basis of the application is that the trustee and his attorneys and agents falsely represented that the trustee was entitled to collect such assessment, and that the payment was made through a mistake of law.

The Referee held that moneys paid under a mistake of law to a trustee in bankruptcy are recoverable; that the order of May 23, 1936, was an administrative determination and not a judicial decision; that the trustee was not empowered under any statute to receive these moneys; that the only applicable statute is Section 69 of the Co-operative Corporations Law, Consol.Laws, N.Y. c. 77, which creates no cause of action in favor of the corporation, and that the assessment was legal by virtue of a contractual relation created by the by-laws.

·The contention of the petitioners is that the sole liability of the members of the Association runs directly to the creditors by virtue of the provisions of Section 69 of the Co-operative Corporation Act; that the repeal of Section 207 of the Membership Corporation Act destroyed the by-laws adopted pursuant to such Act, and further that such by-laws are ineffective because inconsistent with Section 69. (Vide Paragraph 5, Section 14 of the General Corporation Law, Consol.Laws, N.Y. c. 23).

■ The Referee is correct in his finding that moneys paid to a trustee in bankruptcy under a mistake of law are recoverable. The trustee is an officer of the court and he holds the moneys for those who are lawfully entitled to receive them. Carpenter v. Southworth, 2 Cir., 165 F. 428, and cases cited; Leonard v. Gage, 4 Cir., 94 F.2d 19; Redfield Independent School District No. 20 v. Schnetzer, 8 Cir., 94 F.2d 257; Hurley v. Atchison, Topeka, etc:, R. Co., 213 U.S. 126, 29 S.Ct. 466, 53 L.Ed. 729; Wisconsin Central R. Co. v. U. S., 164 U.S. 190, 17 S.Ct. 45, 41 L.Ed. 399; 48 Corpus Juris 755; Matter of Sheldon, 173 N.Y. 287, 65 N.E. 1096. The exception to the general rule that moneys paid under a mistake of law cannot be recovered back, is well stated in Carpenter v. Southworth, supra (page 429):

"While payments made under a mistake of law are, as general rule, not recoverable, an exception is made in the case of such

payments made to trustees in bankruptcy or other officers of courts."

The Referee was right in his conclusion that the order made on May 22, 1936, was an administrative determination and not a judicial decision. Harrigan v. Bergdoll, 270 U.S. 560, 46 S.Ct. 413, 70 L.Ed. 733. The trustee was not authorized to determine the question of liability of the members.

The Referee was right in his conclusion that Section 69 of the Co-operative Corporations Law creates no right of action in favor of the corporation or its trustee.

In my opinion the Referee was right in his conclusion which in effect was that there was no mistake of law. My reasons for this decision follow:

The South Shore Co-operative Association, Inc., was organized under the provisions of Article 13-A of the Membership Corporation Law (Chap. 655, Laws of 1918). The by-law in question was adopted at the time of the incorporation of the Association (Art. 14, Sec. 2), and follows the language found in Sec. 207 of the Membership Corporation Law. By Sec. 140 of the Co-operative Corporations Law, being Chap. 231 of the Laws of 1926, effective April 5, 1926, Article 13-A was repealed, but Section 207 was re-enacted in identical language as new Section 69. The present Co-operative Corporations Law was enacted by Chap. 607, Laws of 1926, effective April 23, 1926, amending Chap. 231 of the Laws of 1926 and in this enactment Section 69 was materially changed.

The law, Chap. 655, Sec. 207 Laws of 1918, as amended and re-enacted in the Co-operative Corporations Law, and by-law, Article 14, Section 2 of the South Shore Co-operative Association Inc., in effect established the liability of each member of the Association to an extent or amount which might vary from nothing to $100, according to the amount of indebtedness and assets of the corporation, its solvency or degree of insolvency, and also to the extent it may be increased by the uncollectibility of the share or shares or contributions of other members toward payment of the Association's indebtedness. Taken altogether, this indicates that the meaning or scheme of the law and of the by-law is to make each member liable to the Association directly and not directly to a creditor or creditors of the Association —at least not until the Association has failed to act or perform its duty to marshal its assets and enforce the members' liability under this by-law for the purpose of paying its debts. The members being thus liable to the Association directly, the action taken through the Bankruptcy Court to enforce the payment of members' liability was warranted, and any voluntary payments made by the members in response to the assessment to pay their assessed liabilities would be valid payments and cannot be recovered from the trustee. None of the cases cited to the contrary are directly in point. Those most nearly in point are either brought to collect or recover on unpaid stock subscriptions pursuant to statutory provision, or to collect a debt under a provision of law that in terms gives a right to recover directly and in the first instance from the member or stockholder. Mandell v. Cole, 244 N.Y. 221, 155 N.E. 106, holds that members are individually liable only if they authorized such liability.

These assessments and payments made thereunder, and here sought to be recovered, were wholly valid and made in compliance with the by-laws—in other words, an agreement of the members of the Association— and as such are enforcible by the Association. As far as I am able to find, the right or cause of action to recover on such liability is not given by any specific statute or by the by-laws to creditors directly so that creditors could sue the individual members directly to recover on claims against the Association. If creditors do have the right to move directly against the members, then the question arises whether the member is protected by a limitation of liability set up by the by-laws. The whole scheme of the law, as well as of the by-law here in question, seems to require, to make such law and such by-law workable, that such Association have that power.

So far as is pertinent here, the only difference between Sections 69 and 207, supra, is with regard to procedure. Section 207 made the member liable for debts "created during his membership". The corporation was liable for these debts both by reason of its own contract and by virtue of Section 69 which recognizes its liability to suit. Petitioners paid these moneys to its agent, the trustee of the bankrupt corporation, to apply on the corporation's debts. As agent the trustee stands in the same position that the corporation did. The trustee in bankruptcy also is the representative of all of the creditors. It would be an idle ceremony to require the creditors to proceed under Section

746

69. Not only that, but it would result in the necessity of many suits. This is also said irrespective of the question of the running of the statute of limitations. Since the statute of limitations begins to run as against the creditors from the time of the adjudication (Granger & Co. v. Allen, 214 App.Div. 367, 212 N.Y.S. 356, affirmed Empire Produce Co. v. Allen, 244 N.Y. 587, 155 N.E. 907), the creditors, as a practical matter, might be prevented from any recovery in case of bankruptcy. The authority of a corporation is limited by Section 14 of the General Corporation Law. Those which run counter to existing law have no validity. But these by-laws were not counter to law when enacted, and they can be read consistently with existing statutes. It should be noted, in this connection, that Section 67 of the Co-operative Corporations Law is identical with Section 203 of the Membership Corporations Law, supra, and this provides that the by-laws may contain "any other provisions proper and necessary to carry out the purposes for which the association was formed".

Where there exists a contractual relation between the individual and a corporation, the trustee may sue. He is authorized to collect on behalf of the corporation. The liability of the members was an asset of the estate. Rathbone v. Ayer, 84 App.Div. 186, 82 N.Y.S. 235; Sanger v. Upton, 91 U.S. 56, 23 L.Ed. 220; Jeffery v. Selwyn, 220 N.Y. 77, 115 N.E. 275, 6 A.L.R. 1111; Bankruptcy Act, Sec. 70, 11 U.S.C.A. § 110.

The trustee herein sued one Davidson, a member of this corporation, to recover an assessment under the provisions of the aforesaid by-laws. Defendant's motion to dismiss, made upon the grounds here urged by petitioners, was granted by the County Court. The order was affirmed by the Appellate Division, Huntington v. Davidson, 250 App.Div. 830, 296 N.Y.S. 463, and again affirmed on appeal to the Court of Appeals 276 N.Y. 511, 12 N.E.2d 453. No opinion was written in either of the lower courts. The Court of Appeals passed only on the question of the application of the statute of limitations. It held that Section 73 of the Stock Corporation Law (Consolidated Laws, c. 59) was applicable to co-operative corporations such as the South Shore Co-operative Association, Inc. It may well be urged that the holding that the statute had run against a claim, presupposes that there was a claim. Certainly there was no finding that there was no claim.

The fact that the statute of limitations had run as against any liability of the members of the corporation, does not give petitioners any right under the claim of a mistake at law. The liability continues. The statute merely bars the remedy. The bar of the statute is waived unless it is claimed. People v. Freeman, 110 App.Div. 605, 97 N.Y.S. 343; Johnson, Receiver, v. Albany & Susquehanna R. Co., 54 N.Y. 416, 13 Am.Rep. 607. It may be used as a shield but not as a sword. Cherrington v. South Brooklyn Ry. Co., 180 App.Div. 659, 168 N.Y.S. 322. It cannot be made the basis for affirmative relief. Corpus Juris, Vol. 37, page 684.

While no reported case, insofar as I have been able to discover, involves a like situation, certain language in the opinions in these cases which are somewhat comparable, supports the view above expressed. Lewis v. Monmouth County Farmers Co-operative Association, 105 N.J.Equity 257, 147 A. 550; Lockport Co-operative Dairy Association, Inc., v. Buchner, 129 Misc. 73, 221 N.Y.S. 433, affirmed 217 App.Div. 784, 216 N.Y.S. 865, affirmed 244 N.Y. 585, 155 N.E. 907; Haebler v. New York Produce Exchange, 149 N.Y. 414, 44 N.E. 87; Cabana v. Holstein-Friesian Association of America, 196 App.Div. 842, 843, 188 N.Y.S. 277, affirmed 233 N.Y. 644, 135 N.E. 953.

Believing that the statute of limitations had run against suit by these creditors, petitioners seek, in the manner pursued, to avoid meeting their just obligations. Having agreed to pay these debts, having paid the moneys to be applied upon the debts, the creditors having made claim to these moneys, petitioners should not now be heard to repudiate such payments.

The decision of the Referee is affirmed.