Abraham A. Wedeen, as Assignee for the Benefit of Creditors of Jamaica Concrete Corporation, an Insolvent Debtor v. Commissioner. Abraham A. Wedeen, as Assignee for the Benefit of Creditors of Jamaica Concrete Corporation, an Insolvent Debtor, as Transferee of the Assets of D. J. Salvator, Inc. v. Commissioner.
Wedeen ex rel. Creditors of Jamaica Concrete Corp. v. Commissioner
Docket Nos. 521, 623.
United States Tax Court
1944 Tax Ct. Memo LEXIS 154; 3 T.C.M. (CCH) 797; T.C.M. (RIA) 44265; August 3, 1944
*154 Leo Guzik, Esq., 32 Broadway, New York, N. Y., and Herman Jaffe, C.P.A., for the petitioners. Henry C. Clark, Esq., for the respondent. MURDOCK Memorandum Sur Dismissal MURDOCK, Judge: In Docket No. 521 deficiencies and penalties were determined by the Commissioner for the years ended March 31, 1938, 1939 and 1940, in income tax and declared value excess profits tax of the Jamaica Concrete Corporation, and notice of deficiency was mailed on October 10, 1942, addressed to Jamaica Concrete Corporation, Mr. Abraham A. Wedeen, Assignee. Petition was filed with this Court on January 7, 1943, alleging among other things that the Jamaica Corporation, being then insolvent, executed an assignment to petitioner for the benefit of creditors, and that petitioner duly qualified as such assignee under the Debtor and Creditor Law of New York and is now acting as such in an insolvency proceeding in the Supreme Court of New York. In the answer duly filed, these allegations were admitted. The respondent has moved to dismiss the proceeding for want of jurisdiction, and the petitioner does not oppose the motion, but in open court acquiesces in it. Docket No. 623 presents the same general situation, *155 except that the deficiencies which were for the years 1936 and 1937 were determined and notice sent to Wedeen as assignee of Jamaica Concrete Corporation, which was transferee of the assets of D. J. Salvator, Inc. The answer admitted these facts, and a motion was then made to dismiss the proceeding for want of jurisdiction, in which the petitioner acquiesces. In both cases the proceeding in this Court was instituted after the taxpayer had made an assignment for the benefit of creditors and the assignee had taken the taxpayer's property and was acting under the New York Supreme Court. See In re Sheldon, 173 N. Y. 287; 65 N.E. 1096. We can see no escape from Section 274, Internal Revenue Code, providing that no such petition shall be filed with the Tax Court of the United States, thus precluding jurisdiction. Banco di Napoli Agency in New York, 1 T.C. 8, and cases therein cited. The proceeding must be dismissed for want of jurisdiction. Order of Dismissal For reasons set forth in a Memorandum accompanying this order, it is ORDERED, that the proceedings are dismissed for lack of jurisdiction.